EDWARD D. GALE, Respondent, v. THE MAYOR, Etc., OF
THE CITY OF NEW YORK, Appellants.

*New York charter* — § 96, *chap.* 335 *of* 1873 — *Attorney for collection of personal taxes — right of, to costs.*

Under section 96 of the charter of the city of New York (chap. 335 of 1873),
  providing that no officer of the city government shall receive any fees, per-
  quisites or commissions, or any per centage, but that every such officer shall be
  paid a fixed salary, the attorney for the collection of personal taxes is not
  entitled to retain the costs recovered in actions brought by him, but must pay
  the same over to the city.

The provision of the said section, that every officer who shall receive any money
  which should be paid over to the city shall, before he shall be entitled to receive
  any salary, make a return to the comptroller showing the amount thereof,
  applies only to the officers themselves and not to their assistants or subordinates.

Accordingly, in an action brought by the assistant to the attorney for the collec-
  tion of taxes to recover his salary, *held*, that the fact that he had received and
  still held costs, which belonged to the city, did not constitute a full defense to
  the action, but only authorized the deduction by the city of such amount from
  what was due to the plaintiff.

Appeal from judgment in favor of the plaintiff, entered on the
verdict of a jury.

*Francis Lynde Stetson,* for the appellant.

*C. A. Seward* and *Geo. W. Wingate,* for the respondent.

Daniels, J. :

The verdict and judgment were in part recovered in this case,
for the amount claimed by the plaintiff, as assistant clerk to the
attorney for the collection of personal taxes. His salary in that
capacity was $2,000 per annum, $1,000 of which, for the period
between the 1st of March and the 1st of September, 1875, was
unpaid. He was then appointed to the office of attorney for the
collection of personal taxes, the yearly salary of which, in the com-
plaint, was alleged to have been $7,500, and that was not denied
by the answer. And the plaintiff also recovered the four monthly
installments accruing between the 1st of September, 1875, and the

1st of January, 1876. While he acted as assistant clerk, and after the decease of the attorney himself, the plaintiff received certain costs, of which a balance of $286.50 remained in his hands at the time of the commencement of this action. And it was objected by the defendant that he should be precluded from recovering either of the demands asserted by him, because he had not reported or paid over that balance. In his behalf it was insisted that the balance was not the property of the defendant, but belonged to and was held for the widow of the attorney, to whom he had been appointed assistant clerk.

When the office of attorney for the collection of personal taxes was created, it was provided that the officer should be paid a salary, to be fixed by the board of supervisors, and in addition to that salary he should also receive the taxable costs allowed against and collected from the adverse parties. (Laws of 1867, vol. 1, 752, § 8.) What the salary was, which was fixed by the supervisors, was not shown in the case. At the time of its creation, the office was made a bureau in the finance department of the city. (Laws 1867, vol. 1, 750, § 1.) But it was afterward added to the law department. (Laws 1873, 495, § 36.) And it was then provided, that "no officer of the city government, except the city marshals, shall have or receive, to his own use, any fees, perquisites or commissions, or any per centage, but every such officer shall be paid by a fixed salary, and all fees, per centages and commission received by any such officer shall be the property of the city. (Id., 509, § 96, 112 6 § 16.) It has been urged that the terms fees, perquisites, commissions and per centage, used in this section of the statute, do not include the costs recovered in an action against the adverse party, and accordingly that the preceding provision made by the act of 1867 still continues in force, giving such costs to the attorney for collecting personal taxes, when they accrue in actions prosecuted by him. And that construction might, perhaps, be properly given to them if they were unaffected in their meaning by any thing else contained in the act. But they were not left in that condition. They were followed by the declaration that every such officer, that is, every officer of the city government, shall be paid by a fixed salary. And that could not very well be the case if the salary was liable to be increased or diminished by the amount

of costs collected in actions prosecuted officially by the attorney. The provision made was very general, that all officers of the city government, except marshals, should be paid by fixed salaries. No exception was made or intended, as there should have been, if legal costs were not designed to be included within the signification which the terms fees and perquisites were intended to have. The section must be construed together, so that both the results contemplated by it shall be secured. That requires that the salaries of all the officers of the city government shall be fixed, and that the fees and emoluments of the office, resulting from the discharge of the duties of the officer, shall belong and be paid over to the city.

The balance shown to have been in the plaintiff's hands was not received by him as one of the officers mentioned in this section of the statute, but as the assistant or subordinate of such an officer. For that reason the retention of the money could not be a full defense against the unpaid salary, for the plaintiff was not then one of the officers subjected for that act to such a result by this section of the act. It was the officer himself, and not his subordinate, who was required to make out the return and pay over the money, and precluded from a recovery of this salary until that duty should be performed by him. The plaintiff held the balance which he had, only as so much money received by him for the use of the city. It was the property of the city, and he was liable to account for it, the same as any other officer or agent would be for corporate property received by him, and for that reason it should have been deducted from the amount claimed by him at the trial.

The evidence showed that nothing had been received by him to which the defendant could make any legal claim after his appointment to the office itself. There was, therefore, no defense to that portion of the recovery which included his salary from the 1st of September, 1875, to the 1st of January, 1876. The only error appearing in the case is that by which the deduction of the balance in the plaintiff's hands, as assistant clerk, was not made from the amount of his salary. To correct that, the judgment must be reversed and a new trial ordered, with costs to the defendant, to abide the event, unless, within twenty days after notice of this decision, the plaintiff shall stipulate to deduct $286.50, with interest thereon during the time the money has been in his hands, from

the amount of the verdict. In case such deduction shall be made, then the judgment as so reduced will be affirmed, without costs to either party on this appeal.

Present — DAVIS, P. J., DANIELS and BRADY, JJ.

Judgment reversed, new trial ordered, costs to defendant to abide event, unless within twenty days after notice of decision, plaintiff shall stipulate to deduct $286.50, with interest during the time the money has been in his hands, from the amount of verdict, in which case judgment as reduced affirmed, without costs to either party on appeal.